RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Tel: (516)248-2121
Fax: (516)742-7675
Raymondnardo@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Matthew Weiss,

                Plaintiff,

    --against—

Equifax, Inc., Equifax Information Services, LLC,

                Defendants.
-----------------------------------------------------------X

COMPLAINT

20-CV-1460

The plaintiff MATTHEW WEISS, by his counsel, RAYMOND NARDO, P.C., brings this action against defendants EQUIFAX, Inc. and EQUIFAX INFORMATION SERVICES LLC, and alleges, as follows:

## PRELIMINARY STATEMENT

1) This is an action for actual, statutory, and punitive damages and counsel fees and costs brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"), and New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA").

## JURISDICTION AND VENUE

2) This court has federal question jurisdiction under 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).

3) Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4) Plaintiff is an individual residing in Ronkonkoma, NY and is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

5) Defendant Equifax, Inc. is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax, Inc. is the parent company of Equifax Information Services LLC.

6) Defendant Equifax Information Services LLC is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax is a "consumer reporting agency" within the meaning of the FCRA as set forth in 15 U.S.C. § 1681a(f).

7) Defendants operated as a common, single, integrated consumer reporting agency and are referred to herein as "Equifax."

8) Equifax is a "consumer reporting agency" within the meaning of the FCRA as set forth in and the NY CRA as set forth in NY GBL § 380-a(e).

9) Equifax sells its "Equifax Credit Report and Score" to consumers.

## FACTUAL BACKGROUND

10) The plaintiff was a victim of identity theft, whereby a third party opened multiple fraudulent credit and checking accounts in Plaintiff's name, which caused negative information of opened and unpaid accounts to appear on Plaintiff's credit reports.

11) Specifically, the identity thief reported a false address in Rockaway Park and opened the following accounts in Plaintiff's name:

a) Nissan Motor Acceptance

    b)   Chrysler Capital

    c)   Gateway 1 Lending.

12) Plaintiff never resided at an address in Rockaway Park.

13) Plaintiff never authorized nor utilized the subject credit card accounts, or benefitted from their use in any manner. The identity thief failed to make payments for the charges incurred on the subject credit.

14) The negative information on plaintiff's credit reports prevented him from obtaining credit, including mortgages and credit cards.

15) On May 28, 2019, Plaintiff filed a police report with the Suffolk County Police Department ("SCPD") regarding the fraudulently opened accounts and Plaintiff, at all times, cooperated with the SCPD in their investigation of this matter, attached hereto as Exhibit 1.

16) Plaintiff has repeatedly notified each of the creditors that identity thieves opened these accounts without his consent.

17) Plaintiff also sent a copy of a Federal Trade Commission Identity Theft Report and the Police Report he filed with SCPD to Defendants and other credit reporting agencies, attached hereto as Exhibit 2.

18) Under the FCRA, Defendants had 4 days to block these items from his Credit Report.

19) Despite plaintiff's attempts to have these fraudulent accounts blocked and removed from his credit reports, Defendants refused to block the reported accounts, refused to conduct a reasonable investigation of the disputed accounts, and refused to remove those accounts from the plaintiff's credit report, in violation of the FCRA and NY FCRA.

20) Trans Union and Experian removed these fraudulent accounts from Plaintiff's credit

reports.

21) As a result of Defendant's refusal to block, reasonably investigate, or remove the subject fraudulent accounts from the plaintiff's credit reports, the plaintiff has suffered significant damages including, but not limited to, numerous denials of credit, rejected requests to open checking accounts, damage to his reputation, emotional distress, aggravation, wasted time, and frustration.

22) Not only did Defendants not take the appropriate action concerning the investigation and removal of the fraudulent accounts, Defendants removed the wrong accounts and removed Plaintiff's accurate credit information from Credit One and P.C. Richard & Son, Inc., which lowered Plaintiff's credit score, and required him to obtain new credit cards.

23) Plaintiff notified Defendants that Credit One should not have been removed from his credit report, but Defendants did not remove the inaccurate information within 30 days, as required by the FCRA.

24) Defendant's actions and inactions, contrary to the FCRA and NY CRA, lowered Plaintiff's credit score and caused him to pay a higher rate of interest on loans.

## AS AND FOR A FIRST CAUSE OF ACTION

25) The plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

26) Experian, Equifax, Trans Union and Chex Systems prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

27) All credit bureaus were required to block, and later remove, the fraudulent information from Plaintiff's credit report.

28) Defendants did not block, remove, or investigate the fraudulent accounts, nor the repossessions related to those false accounts.

29) Instead, Defendants falsely removed Plaintiff's accurate credit reporting information.

30) While Experian, Trans Union and Chex Systems removed the fraudulent information from Plaintiff's credit reports, Equifax knew, or should have known, that Plaintiff's credit reports contained erroneous and disputed information, and should have removed it.

31) Equifax willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiffs or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

32) Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block and remove the reporting of the subject fraudulent accounts described above within five days of receiving plaintiff's disputes that included an identity theft report.

33) Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of fraudulently opened accounts and failing to consider all relevant information regarding the dispute provided by the plaintiff.

34) Defendants willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding his dispute in violation of 15 U.S.C. § 1681i(a)(4).

35) Defendants Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed derogatory information from the plaintiff's file

after failing to verify the completeness and accuracy of that information.

36) Defendants published Plaintiff's credit reports on multiple occasions containing negative and inaccurate information after the plaintiff disputed the information. The inaccurate reports caused the plaintiff economic harm via credit denials, rejected requests to open checking accounts, limiting his opportunities for credit, damaging his reputation, and causing him emotional distress.

37) Defendants also published information removing Plaintiff's accurate information from his credit report, further causing damage to Plaintiff.

38) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

39) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

40) Between May 13, 2017 and July 30, 2017, hackers infiltrated the otherwise confidential and sensitive personal information of approximately 148 million people ("the hack").

41) Based on information ascertained from Equifax's own website, Plaintiff's personal information was compromised in the above hacks.

42) Upon information and belief, the identity theft occurred because of these hacks.

43) Plaintiff opted out of the nationwide class action concerning the hack.

44) Upon information and belief Equifax executives personally benefited by selling their own stock before the hack was made public.

45) Equifax and recklessly breached its own legal obligations concerning data Security under the FCRA.

46) Equifax intentionally deprived Plaintiff of his rights under the FCRA.

47) Equifax is liable to Plaintiff for actual damages, statutory damages, and punitive damages, as well as costs and fees, pursuant to 15 U.S.C. § 1681n(a).

48) Defendants are liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs because of the hack.

### AS AND FOR A THIRD CAUSE OF ACTION

49) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

50) Defendants negligently breached its duties owed to Plaintiff to secure Plaintiff's sensitive, personal, and confidential information, as set forth in 15 U.S.C. § 45.

51) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs for this breach of duties to secure confidential and private information.

### AS AND FOR A FOURTH CAUSE OF ACTION

52) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

53) Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding plaintiff, as that term is defined in NY GBL § 380-a(c)(1).

54) Such reports erroneously contained fraudulent, delinquent accounts that did not belong to the plaintiff.

55) Defendant knew, or should have known, that the reports contained erroneous

information in violation of NY GBL § 380-j(a)(3).

56) Defendant Equifax willfully (or, in the alternative, negligently) failed to maintain reasonable procedures designed to assure maximum possible accuracy of their reports, in violation of NY GBL 380-j(e).

57) Defendant Equifax willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the fraudulent accounts.

58) Defendant Equifax published credit reports regarding the plaintiff on multiple occasions which erroneously contained fraudulent and delinquent accounts that did not belong to the plaintiff, and removed legitimate accounts that belonged to Plaintiff, causing the plaintiff economic harm via credit denials, rejected requests to open checking accounts, limiting his opportunities for credit, and damaging his reputation and causing him emotional distress.

59) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to NY GBL §§ 380-l and 380-m.

## AS AND FOR A FIFTH CAUSE OF ACTION

60) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

61) Equifax owns or licenses computerized data includes sensitive and personal confidential information of Plaintiff as set forth in NY General Business Law §899-aa(1)(a).

62) Equifax maintains computerized data which includes sensitive and personal confidential information which it does not own, subjecting it to NY General Business Law §§ 899-aa(2) and (3).

63) Equifax violated NY General Business Law §§ 899-aa(2) and (3) by not immediately

and accurately notifying Plaintiff about the breach of his sensitive and personal confidential information.

64) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to New York General Business Law §§ 899(6)(b).

### AS AND FOR A SIXTH CAUSE OF ACTION

65) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

66) Equifax engaged in deceptive acts or practices in violation of New York General Business Law §349, including:

a) Failing to implement security and privacy measures to protect Plaintiff's sensitive and personal confidential information;

b) Failing to identify obvious risks relating to the hack;

c) Failing to safeguard Plaintiff's sensitive and personal confidential information;

d) Misrepresenting that it would protect Plaintiff's information

e) Misleading Plaintiff and concealing that Defendants did not secure Plaintiff from the risks pertaining to the hack.

67) These acts and omissions deceived Plaintiff into thinking that Equifax was protecting his personal and sensitive confidential information.

68) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, treble damages, injunctive relief, counsel fees, and costs.

69) Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants as follows:

a.  That this court award the Plaintiff actual damages, compensatory damages, statutory damages, economic damages, non-economic damages, punitive damages, treble damages, and counsel fees for each cause of action under the FCRA, and enjoin Defendants from any further violations;

b.  That this court award the Plaintiff actual damages, compensatory damages, statutory damages, economic damages, non-economic damages, punitive damages, treble damages, and counsel fees, for each cause of action under the NY GBL, and enjoin Defendants from any further violations;

c.  Counsel fees, disbursements, and costs pursuant to the FCRA and NY GBL and;

d.  Any such other and further relief as this court deems necessary and proper.

Dated: March 19, 2020
Mineola, NY

Respectfully submitted,

**RAYMOND NARDO, P.C.**

By: _____
RAYMOND NARDO, ESQ.
Mineola, NY 11501
(516)248-2121 (tel)
(516)742-7675 (fax)
raymondnardo@gmail.com

# EXHIBIT 1

| CC # | | | | SCPD Incident Report | Orig Supp | Domestic | MVA | Missing Person |
|---|---|---|---|---|---|---|---|---|
| 2019-0295956 | 4 | 405 | 400 | | [X] | | | |

## INCIDENT

| Report Date | Report Time | Day | Date (Occurred On/From) | Time | Day | Date (Occurred To) | Time |
|---|---|---|---|---|---|---|---|
| 5/28/2019 | 19:48 | WED | 5/1/2019 | 10:00 | | | |

Business name and type (if residence, so indicate)

| Incident Address | Town Code |
|---|---|
| 11 GREGORY DR LAKE RONKONKOMA | 5257 |

| No. | LAW | NAME OF OFFENSE | DEG | ART/SECTION | SUB | CAT | ATT | CTS | TARGET (J) | WEAPON CODES (A) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL | IDENTITY THFT-1 | 1 | 190.80 | 00 | F | C | 1 | | |

Person Type: C=Complainant V=Victim A=Arrestee S=Identified Suspect W=Witness N=Neighbor P=Person Interviewed O=Other

## ASSOCIATED PERSONS

| Per | Type | Name (Last, First, Middle) | D.O.B | Sex | Race | Home Tel# | Work Tel# | Cell Tel# |
|---|---|---|---|---|---|---|---|---|
| 1 | C | WEISS, MATTHEW | 02/27/1990 | M | 01 | | | 631-238-2332 |

Address: 11 GREGORY DR LAKE RONKONKOMA NY
Offense: / Offender:

| Per | Type | Name (Last, First, Middle) | D.O.B | Sex | Race | Home Tel# | Work Tel# | Cell Tel# |
|---|---|---|---|---|---|---|---|---|
| 2 | S | UNKNOWN | | | | | | |

Address: 
Offense: / Offender:

Inv. Notified [ ]  Inv. Responding [ ]
Investigating Officer (Name, Shield):
Reporting Officer: MONTENEGRO, PETER PO/4423/1B2

## PROPERTY

| Per # | Quantity | Measure | Description (Include make, model, serial no., etc.) | Property Type | Property Status | Drug Type | Measure Source | Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | Property Total |

## NARRATIVE

ABOVE COMP REPORTS UNK PERSONS DID USE THE COMP'S ID TO OPEN SEVERAL ACCOUNTS IN THE COMP'S NAME. COMP ADVISES A PEOPLES UNITED BANK CARD $300, CHRYSLER CAPITAL LOAN $17,000, GATEWAY ONE LENDING LOAN $12,000, TMOBILE ACCOUNT $850, AFFIRM ACCOUNTS $6,000, CREDIT ONE BANK CARD, CAPITAL ONE CARD $3,000, SYNC BANK $1,600 AND TDBANK $2700.

Did reporting officer provide the victim with information on Victim's Rights and Services pursuant to NYS Law?   Yes [ ]   No [X]

## ADMINISTRATIVE

Evidence/Tech work performed:
Teletype No.:   Connected CC #'s:

Reclassification [ ]   Reclassified to:   Reclassified From:   IRS Updated [ ]   PDCS 1099-1 to follow [ ]   Confidential [ ]

[X] ACTIVE   [ ] CLOSED (NON-CRIMINAL ONLY)   [ ] CLEARED BY ARREST   Exceptionally Cleared Code:   Status Date: 5/28/2019   TOT:
[ ] PENDING   [ ] EXCEPTIONALLY CLEARED   [ ] WARRANT ISSUED

*** End of Report ***

CERTIFIED CB
CENTRAL RECORDS SECTION
SUFFOLK COUNTY POLICE DEPARTMENT

| CC # | Reporting / Investigating Officer | Supervisor | Pages |
|---|---|---|---|
| 2019-0295956 | MONTENEGRO, PETER PO/4423/1B2 | MAIETTA, RAFFAELE SGT/1107 | 1 of 1 |

# EXHIBIT 2

 

# FEDERAL TRADE COMMISSION
# Identity Theft Report

FTC Report Number: 107701596

I am a victim of Identity theft. This is my official statement about the crime.

## Contact Information

| First Name: | | Last Name: | |
|---|---|---|---|
| Matthew | | Weiss | |
| **Address:** | **Phone:** | | **Email:** |
| PO BOX 271<br>Smithtown, New York 11787<br>USA | 631-238-2332 | | underwriting@selectpeo.com |

## Personal Statement

For the 5th time, my identity has been used to open random accounts and creditors hold me responsible illegally.

## Accounts Affected by the Crime

### Fraudulent Checking or Savings Account

| **Company or Organization:** | Peoples United Bank |
|---|---|
| **Date that I discovered it:** | **Total fraudulent amount:** |
| 5 / 2019 | $ 300 |

### Fraudulent Auto Loan or Lease

| **Company or Organization:** | Chrysler Capital |
|---|---|
| **Date that I discovered it:** | **Total fraudulent amount:** |
| 5 / 2019 | $ 17000 |

| Fraudulent Auto Loan or Lease | |
|---|---|
| **Company or Organization:** | GATEWAY ONE LENING AND FIN |
| **Date that I discovered it:** | **Total fraudulent amount:** |
| 5/2019 | $12000 |

| Fraudulent Mobile Phone Account | |
|---|---|
| **Company or Organization:** | Tmobile |
| **Date that I discovered it:** | **Total fraudulent amount:** |
| 5/2019 | $850 |

| Fraudulent Information on Credit Reports | |
|---|---|
| Accounts or Charges | Yes, fraudulent accounts or charges appear on my credit report |
| Personal Information | **Addresses:** 411 BEACH 133RD ST FAR ROCKAWAY, NY 11694-141 |
| Credit Inquiries | tmobile, credco, credit one bank, NOWCOM/CAPITAL MOTOR G, SY |

**Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**

I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

| **Matthew   Weiss** | **05/28/2019** |
|---|---|
| Matthew  Weiss | Date |

Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law

I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

**Matthew   Weiss**          **05/28/2019**
Matthew   Weiss                             Date

Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law enforcement. Some businesses might request that you also file a report with your local police.

Case 2:20-cv-01460-BMC   Document 1   Filed 03/19/20   Page 17 of 18 PageID #: 17


# FEDERAL TRADE COMMISSION
# Identity Theft Report


FTC Report Number
107701536

I am a victim of Identity theft. This is my official statement about the crime.

## Contact Information

| First Name: | Last Name: |
|---|---|
| Matthew | Weiss |

| Address: | Phone: | Email: |
|---|---|---|
| PO BOX 271<br>Smithtown, New York 11787<br>USA | 631-238-2332 | underwriting@selectpeo.com |

## Personal Statement

For the 5th time, my identity has been used to open random accounts and creditors hold me responsible illegally.

## Accounts Affected by the Crime

### Credit Card Opened by the Thief

| Company or Organization: | Affirm Inc |
|---|---|
| Date that I discovered it: | Total fraudulent amount: |
| 5 / 2019 | $ 6000 |

### Credit Card Opened by the Thief

| Company or Organization: | Credit One Bank |
|---|---|
| Date that I discovered it: | Total fraudulent amount: |
| 5 / 2019 | $ 0 |

| Credit Card Opened by the Thief | |
|---|---|
| **Company or Organization:** | Capital One |
| Date that I discovered it: | Total fraudulent amount: |
| 5 / 2019 | $ 3000 |

| Credit Card Opened by the Thief | |
|---|---|
| **Company or Organization:** | SYNCB/PC RICHARD |
| Date that I discovered it: | Total fraudulent amount: |
| 5 / 2019 | $ 1600 |

| Fraudulent Checking or Savings Account | |
|---|---|
| **Company or Organization:** | TD bank |
| Date that I discovered it: | Total fraudulent amount: |
| 5 / 2019 | $ 2700 |

### Fraudulent Information on Credit Reports

| Accounts or Charges | Yes, fraudulent accounts or charges appear on my credit report |
|---|---|
| Personal Information | **Addresses:** 411 BEACH 133RD ST FAR ROCKAWAY, NY 11694-141 |
| Credit Inquiries | tmobile, credco, credit one bank, NOWCOM/CAPITAL MOTOR G, SY |

**Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**